UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JORY L. STEPHEN-VICENS,
    Plaintiff,
v.                                        Case No.: 1:23cv264/MW/ZCB

SGT. PERRY,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's second amended complaint. (Doc. 16). Because Plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court must screen the second amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner

1

complaints"). After reviewing the second amended complaint, the Court believes dismissal is warranted because Plaintiff has failed to state a claim upon which relief can be granted.[1]

## I. Background

Plaintiff is a Florida Department of Corrections (FDOC) inmate who is currently incarcerated at Blackwater River Correctional Facility. His second amended complaint involves conduct that allegedly occurred while Plaintiff was incarcerated at Lancaster Correctional Institution (LCI). It is there that the sole Defendant, Sgt. Perry, worked as a corrections officer. (Doc. 16 at 2).

Plaintiff alleges that in June of 2023, he was working as a hallway orderly at LCI under the direction of Defendant Perry. (*Id.* at 5). Plaintiff claims that "[o]n numerous occasions" Defendant Perry made

---

[1] The Court previously gave Plaintiff an opportunity file an amended complaint after explaining the deficiencies in his prior complaint. (*See* Doc. 13). Plaintiff's second amended complaint, however, remains legally deficient. In fact, Plaintiff's allegations remain largely unchanged in all key respects. Thus, dismissal is warranted. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

2

"lewd homosexual comments" to Plaintiff in front of other inmates. (*Id.*). Plaintiff claims these comments led to inmates "labeling [him] as being gay," which caused Plaintiff "mental anguish" and placed him at risk of harm. (*Id.*).

On June 26, 2023, Plaintiff claims he filed a Prison Rape Elimination Act (PREA) grievance against Defendant Perry. (*Id.*). The PREA grievance was denied. (*Id.*). According to Plaintiff, also on June 26, 2023, Defendant Perry and another officer searched his cell. (*Id.*). During the search, they found contraband. (*Id.* at 5-6). That discovery led to Plaintiff being placed in confinement and losing gain time. (*Id.* at 5). Plaintiff claims that Defendant Perry planted the contraband as retaliation for the PREA grievance. (*Id.* at 6).

On June 27, 2023, Plaintiff filed another PREA grievance against Defendant Perry for continuing to make sexual comments about him in front of others. (*Id.* at 5). This PREA grievance was approved on June 30, 2023. (*Id.*). Plaintiff was then transferred to Blackwater River. (*Id.*).

In his second amended complaint, Plaintiff alleges Defendant Perry's conduct was cruel and unusual punishment in violation of the

3

Eighth Amendment. (*Id*. at 6). He further claims Defendant Perry violated a provision of the Florida Administrative Code. (*Id*.). As relief, Plaintiff seeks compensatory and punitive damages. (*Id*. at 7). He also seeks an order revoking Defendant Perry's "certification." (*Id*. at 8).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (cleaned up).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court

4

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although *pro se* pleadings are to be liberally construed, a "district court does not have license to rewrite a deficient pleading." *Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

### III. Discussion

#### A. Plaintiff has not plausibly alleged an Eighth Amendment violation.

In allegations that remain largely unchanged from his prior complaint, Plaintiff says that Defendant Perry violated the Eighth Amendment by making "lewd homosexual comments directly" towards Plaintiff in the presence of other inmates and staff. (Doc. 16 at 5, 6). He claims that by doing so, Defendant Perry caused Plaintiff "mental anguish" and placed him at an increased risk of harm.

"[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Sconiers v. Lockhart*, 946 F.3d 1256, 1267 (11th Cir. 2020) (cleaned up). But verbal taunts and inappropriate

5

comments by prison officials do not violate the Eighth Amendment. *See, e.g., Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("[A]llegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that "verbal taunts . . . however distressing" do not violate a prisoner's constitutional rights); *Sanders v. Giddons*, 4:18-cv-267/WS/MJF, 2021 WL 2019632, at *4 (N.D. Fla. Apr. 13, 2021) ("Mere words—other than true threats of harm—are insufficient to state an Eighth Amendment claim, even when such words are hurtful, rude, boorish, lewd, or insulting.").

In this case, Plaintiff has not alleged that Defendant Perry sexually assaulted him or threatened to sexually assault him. Rather, Plaintiff's allegations involve verbal taunts and inappropriate sexual comments made by Defendant Perry. The alleged comments, "though unacceptable and unrelated to any legitimate governmental objective, [are] the type of verbal harassment or taunting that is not actionable" under the Eighth

6

Amendment. *See In re: Eric Watkins Litigation*, 829 F. App'x 428, 431 (11th Cir. 2020); *see also Allen v. McDonough*, 4:07-CV-469/RH/GRJ, 2011 WL 4102525, at *6 (N.D. Fla. Aug. 17, 2011) (explaining that "sexual comments and gestures to Plaintiff . . . do not rise to the level of a constitutional violation under the Eighth Amendment"); *Miller v. Johnson*, 2:20-cv-458, 2023 WL 5358606, at *4 (M.D. Ala. July 26, 2023) (explaining that "sexual harassment devoid of any contact or touching does not violate the Eighth Amendment"). Because Plaintiff has failed to plausibly allege conduct by Defendant Perry that rose to the level of an Eighth Amendment violation, dismissal is warranted.

**B. Plaintiff has failed to plausibly state a § 1983 claim for Defendant Perry's alleged violations of the Florida Administrative Code.**

In addition to the Eighth Amendment claim, Plaintiff has alleged that Defendant Perry violated the Florida Administrative Code—more specifically, Fla. Admin. Code § 33.208.002(8). To prevail in an action under 42 U.S.C. § 1983, Plaintiff would need to show two things: "(1) conduct committed by a person acting under color of state law; and (2) that conduct deprived a person of rights, privileges, or immunities

7

secured by the Constitution or laws of the United States." *Bus. Realty Inv. Co., Inc. v. Insituform Techs. Inc.*, 564 F. App'x 954, 956 (11th Cir. 2014).

Here, Plaintiff's claim fails at the second prong. Plaintiff has alleged that Defendant Perry violated the Florida Administrative Code, which is a state law as opposed to a provision of the U.S. Constitution or a federal law. And although a "violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). Thus, Plaintiff cannot successfully maintain a claim in this § 1983 action based on Defendant Perry's alleged violation of the Florida Administrative Code. *See, e.g.*, *Gordon v. Murphy*, No. 4:15cv405/MW/CAS, 2017 WL 6507694, at *7 (N.D. Fla. Nov. 15, 2017) (finding that violations of the Florida Administrative Code "are not cognizable § 1983 claims"); *Crenshaw v. Lewis*, Case No. 8:14-cv-1941, 2016 WL 521531, at *3 (M.D. Fla. Feb. 5, 2016) (explaining that a violation of the Florida Administrative Code "is not a basis for relief in an action under § 1983"). Because Plaintiff has failed to state a plausible

claim based on Defendant Perry's alleged violation of the Florida Administrative Code, dismissal is warranted.

### C. The Eleventh Amendment doctrine of sovereign immunity bars Plaintiff's official capacity damages claim against Defendant Perry.

Additionally, Plaintiff's official capacity damages claim against Defendant Perry is subject to dismissal because of the Eleventh Amendment doctrine of sovereign immunity. Absent waiver or congressional abrogation, the Eleventh Amendment doctrine of sovereign immunity bars a money damages action against a state, a state agency, or a state employee in his or her official capacity. *Cross v. Ala., Dep't of Mental Health*, 49 F.3d 1490, 1503 (11th Cir. 1995). The state has not waived its sovereign immunity, nor has Congress abrogated sovereign immunity, for § 1983 actions. *See Driessen v. Univ. of Miami Sch. of Law*, 835 F. App'x 489, 492 (11th Cir. 2020) ("Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions."). As such, Plaintiff's official capacity damages claim against Defendant Perry—an employee of the Florida Department of

9

Corrections—is barred by the Eleventh Amendment doctrine of sovereign immunity. *See Clark v. Tucker*, No. 8:13-cv-2642, 2014 WL 68646, at *2 (M.D. Fla. Jan. 8, 2014) (citing cases and explaining that "courts within the Eleventh Circuit have concluded that FDOC and its employees sued in their official capacities are immune from section 1983 damage suits brought against them in federal court").

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's second amended complaint (Doc. 16) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

2. The Clerk of Court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 5th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.